UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA LYNN WHITE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 1:19-cv-4370-JMS-DLP |
| | ) | |
| AMERICAN FAMILY MUTUAL INS. CO., | ) | |
| | ) | |
| *Defendant.* | ) | |

## ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING SERVICE OF PROCESS

Pending before the Court are Plaintiff Brenda Lynn White's Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order addresses Ms. White's Motion, screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs service of process.

## I.
### MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. White's Motion for Leave to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees")

(emphasis in original).  The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status.  *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016)* ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015)* (same principle).  The filing fee for *in forma pauperis* litigants is $350.  *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915").  Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

#### A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B.  Complaint

Ms. White checked a box on her Complaint indicating her intent to invoke the Court's diversity jurisdiction.  [Filing No. 1 at 3.]  She alleges that she is a citizen of Indiana and that

Defendant American Family Mutual Insurance Company ("American Family") is incorporated under the laws of Wisconsin with its principal place of business in Wisconsin. [Filing No. 1 at 3-4.] She further alleges that the amount in controversy, not including interest and costs, is $2,500,000. [Filing No. 1 at 4.]

Ms. White asserts that her home was damaged by a storm, causing water to leak into the house. [Filing No. 1-2 at 1.] She states that she attempted to file an insurance claim with American Family, but the company refused to listen to her claim and told her not to call back. [Filing No. 1-2 at 1.] Later, she hired a contractor to fix damage to the roof, and the contractor, believing that the insurance company should pay for the damage, called American Family himself. [Filing No. 1-2 at 1.] At that point, American Family agreed to pay the contractor to fix the roof, but "told the contractor to put the roof on tight, causing the moisture to stay in the house," which in turn caused further damage. [Filing No. 1-2 at 1.]

Ms. White alleges that her insurance policy with American Family covered damage to her house resulting from storms, but American Family did not handle her claim in a timely or appropriate manner or pay anything that was owed under the policy because she is an African American woman. [Filing No. 1-2 at 1]. She seeks to recover monetary damages for damage caused to her home and the health of her family resulting from excess moisture, including the death of her daughter. [Filing No. 1 at 5.]

**C. Discussion**

"[I]t is always a federal court's responsibility to ensure it has jurisdiction . . . ." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). For the Court to exercise diversity jurisdiction, the plaintiff and defendant must be citizens of different states and the amount in controversy must exceed §75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

The citizenship of a mutual insurance company turns on the corporate form it is considered to be under applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation). Here, it appears that mutual insurance companies are treated as corporations under Wisconsin law. *See* Wis. Stat. § 611.13 (establishing the process for a mutual insurance company to obtain a certificate of incorporation from the state Commissioner of Insurance).[1] Accordingly, the Court will apply the citizenship rules for corporations to determine American Family's citizenship.

A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Ms. White alleges that American Family is incorporated in Wisconsin with its principal place of business in Wisconsin and, therefore, is a citizen of Wisconsin. [Filing No. 1 at 4.] At this stage, the Court has no reason to question these allegations. *See also Murray v. Mississippi Farm Bureau Cas. Ins. Co.*, 251 F.R.D. 361, 364 (W.D. Wis. 2008) (treating American Family as a citizen of Wisconsin for purposes of diversity jurisdiction). Ms. White has also alleged that she is a citizen of Indiana and that the amount in controversy, not including interest and costs, is $2,500,000. [Filing No. 3-4.] Thus, the Court is satisfied that diversity jurisdiction exists.

Because this is a diversity action, the Court must determine which state's substantive law governs the dispute by looking to the choice-of-law rules of Indiana, the forum state. *Jupiter*

---

[1] A search of the records of the National Association of Insurance Commissioners shows that American Family did so incorporate in Wisconsin in 1927. *See* https://sbs.naic.org/solar-external-lookup/lookup/company/summary/54218653?jurisdiction=WI.

*Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000). Under Indiana choice-of-law rules, insurance contract cases are governed by the law of the state "in most intimate contact with the facts," focusing on the location of the insured risk. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp*., 940 N.E.2d 810, 816 (Ind. 2010). Here, Ms. White's home—the insured property—appears to be located in Indiana, and therefore the Court will apply Indiana substantive law for purposes of determining whether she has stated a claim for relief related to her insurance contract.[2]

Under Indiana law, an insured who believes that an insurance claim has been wrongly denied has two distinct legal theories available, one for breach of the insurance contract and one for the tort of breach of the duty of good faith and fair dealing. *Patel v. United Fire & Cas. Co*., 80 F. Supp. 2d 948, 952 (N.D. Ind. 2000) (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind.1993)). The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages. *White v. State Farm Mut. Auto. Ins. Co*., 709 N.E.2d 1079, 1082 (Ind. Ct. App. 1999). The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of her claim. *Erie*, 622 N.E.2d at 519. An insurer breaches its duty of good faith when it denies liability knowing there is no rational, principled basis for doing so. *Freidline v. Shelby Ins. Co*., 774 N.E.2d 37, 40 (Ind. 2002).

---

[2] Given that the Court has only a limited universe of factual allegations before it and has not viewed the relevant insurance policy, this choice-of-law determination is preliminary and may be revisited as the facts and the parties' arguments require.

Here, Ms. White alleges that American Family refused to pay her claim for storm damage in accordance with her policy and that it did so because she is an African American woman. These allegations are sufficient to state claims for both breach of contract and breach of the duty of good faith and fair dealing. *See White*, 709 N.E.2d at 1082; *Erie*, 622 N.E.2d at 519; *Freidline*, 774 N.E.2d at 40. Accordingly, such claims **shall proceed**.

## III.
### CONCLUSION

Based on the foregoing, the Court makes the following rulings:

1. Ms. White's Motion to Proceed *In Forma Pauperis*, [2], is **GRANTED**.

2. At this time, the Court has not determined that the action must be dismissed pursuant to 28 U.S.C. § 1915(e), and therefore the action **shall proceed**.

3. Because Ms. White is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service. Accordingly, the clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant American Family Mutual Insurance Company in the manner specified by Rule 4(d). Process shall consist of the Complaint, [Filing No. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

If Ms. White believes that additional claims were alleged in the Complaint, but not identified by the Court in this Entry, she shall have until **December 4, 2019** to identify those claims.

Date: 11/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via U.S. Mail to:</u>**

Brenda Lynn White
4141 N. Ridgeview Drive
Indianapolis, IN 46226

American Family Mutual Insurance Company
6000 American Parkway
Madison, WI 53783

American Family Mutual Insurance Company
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717