UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRENDA LYNN WHITE,                           )
                                             )
                    *Plaintiff*,             )
                                             )
          v.                                 )        No. 1:19-cv-04370-JMS-DLP
                                             )
AMERICAN FAMILY MUTUAL INS. CO.,             )
                                             )
                    *Defendant*.             )

## **ORDER**

On October 28, 2019, *pro se* Plaintiff Brenda White initiated this litigation against Defendant American Family Mutual Insurance Company ("American Family"). [Filing No. 1.] Ms. White held a homeowners insurance policy with American Family (the "Policy"), and her lawsuit relates to American Family's handling of claims under the Policy. Although this case has not yet been pending for six months, seven motions are pending and ripe for the Court's decision: (1) a Rule 12(b) Motion to Dismiss filed by American Family, [Filing No. 11]; (2) a Rule 12(c) Motion for Judgment on the Pleadings filed by American Family, [Filing No. 14]; (3) four Motions to Amend the Complaint filed by Ms. White, [Filing No. 24; Filing No. 25; Filing No. 27; Filing No. 28]; and (4) a Motion for Sanctions and Fees for Frivolous Pleadings filed by American Family, [Filing No. 33]. The Court discusses each motion in turn.

**I.**

**BACKGROUND**

**A.  Ms. White's State Court Lawsuit**

On April 23, 2012, Ms. White filed a Complaint against American Family in Marion Superior Court (the "State Court Lawsuit").  [Filing No. 11-1.][1]  She alleged that her roof was damaged by hail on April 22, 2006, and that she filed several claims with American Family under the Policy for "storm damage, power outage, [and] damage to fence, trees, and garage."  [Filing No. 11-1 at 1-2.]  She alleged that she and her son became ill from "mold which resulted from [American Family's] refusal to properly and immediately… repair…."  [Filing No. 11-1 at 2.]  Ms. White alleged that American Family breached the terms of the Policy and that its "refusal to honor the terms of the contract was made in bad faith."  [Filing No. 11-1 at 2.]

On October 9, 2013, the Marion Superior Court granted American Family's Motion for Summary Judgment in the State Court Lawsuit.  [Filing No. 11-2.]  It found that:

- Ms. White submitted four claims to American Family under the Policy – a claim for hail damage occurring on April 22, 2006, a claim for storm damage occurring on April 27, 2008, a claim for power outage loss, and a claim for wind damage occurring on July 3, 2009.  American Family made payments to Ms. White on all four claims.  [Filing No. 11-2 at 2.]

- The damages which American Family did not pay to Ms. White were not caused by storm damage and were not covered by the Policy.  Instead, the damages were caused by "faulty, inadequate or defective construction, repair, renovation or maintenance to [Ms. White's] home."  [Filing No. 11-2 at 6.]

- The Policy excluded coverage for fungi, wet or dry rot, and bacteria, and the mold and fungi for which Ms. White filed claims "were caused by improper installation and/or maintenance problems to the dwelling and garage."  [Filing No. 11-2 at 8.]

---

[1] The Court may take judicial notice of filings in other lawsuits.  *See Parungoa v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned").

- American Family was entitled to summary judgment because "as a matter of law [Ms.] White has no coverage for her claimed losses under her insurance policy with American Family." [Filing No. 11-2 at 8.]

Ms. White appealed the Marion Superior Court's grant of summary judgment and on March 3, 2014, the Indiana Court of Appeals dismissed her appeal with prejudice for failing to comply with applicable procedural rules. [Filing No. 11-3.] Ms. White filed a Petition for Rehearing, which the Indiana Court of Appeals denied on May 5, 2014. [Filing No. 11-4.] Ms. White then filed a defective Petition to Transfer to the Supreme Court, and the Indiana Court of Appeals construed it as a Motion to Reconsider, denied it, and stated "this appeal is at an end." [Filing No. 11-5.]

Ms. White then filed another Complaint in the State Court Lawsuit, setting forth the following allegations:

- She contacted American Family after damage from wind, rain, sleet, and lightning;

- Water caused substantial damage to her home and garage in April 2006. She contacted American Family but no one came out to inspect the damage. In March 2007, she contacted a contractor who then contacted American Family. American Family paid a limited amount for her claim. Meanwhile, moisture continued to build and she "couldn't get anything dry even though [she] put plastic in all the areas where the ceiling fell in and cracked through";

- She and her family became ill with various symptoms, and she noticed a powder substance on the walls and something black growing on the walls. She also noticed the wall cracking and the ceiling bowing. She contacted American Family but "was denied." She later had her home evaluated and mold was discovered. She contacted American Family again but "was denied";

- She and her family continued to have various illnesses. Her daughter complained of headaches and seizures and passed away due to seizures. Ms. White's daughter's daughter now lives with her at the same house, and is continually sick with headaches and coughs; and

- She has been ill and has not worked since 2008. She seeks "compensation for all of the damage [her] family and [herself], and [their] home sustained by [their] insurance policy not being honored."

[Filing No. 11-6.]

The Marion Superior Court dismissed Ms. White's Renewed Complaint with prejudice on November 9, 2018. [Filing No. 11-7.] Ms. White appealed the Marion Superior Court's dismissal, and the Indiana Court of Appeals affirmed the dismissal, finding that Ms. White's claims were barred by res judicata "as the same claims between the same parties were litigated to a final conclusion on the merits in her 2012 action." [Filing No. 11-8 at 8-9.]

### B. This Lawsuit

Ms. White filed her Complaint in this case on October 28, 2019,[2] along with a Motion to Proceed *In Forma Pauperis*. [Filing No. 1; Filing No. 2.] In her Complaint, Ms. White set forth the following allegations against American Family:

> As a policyholder, my policy provided coverage for wind, rain, etc damage to my home & property. I was insured by Am. Fam. I called in claim because of storm. A crashing to roof caused rain & moisture to enter our home I was refused the right to make a claim and for an adjuster to come out. The ceiling caved in and the wall were bowed out. I used duct tape and shower curtains to prevent more moisture from coming in. Am Fam did not care about my dreams as advertised.
>
> I am asking to order damage & relief in the amount of $2,500,000.00 to cover the damage to home & garage from the branches that fell that damaged roof causing moisture to enter home & garage. Am Fam refused to come out to investigate loss causing more extensive damage to property and the health of my family, and the death of my daughter. As an insured, I was denied coverage – Benefits of having the policy. I am a Black female.

[Filing No. 1 at 5.] Ms. White also attached a Statement of Claim to her Complaint, in which she provides additional details regarding her claims and American Family's subsequent handling of those claims. [Filing No. 1-2.]

---

[2] Ms. White had filed a Complaint setting forth substantially the same allegations against American Family on July 22, 2019 in this district, but voluntarily withdrew the Complaint shortly after it was filed. [*See* Filing No. 1 and Filing No. 6 in *White v. American Family Ins. Co.*, 1:19-cv-3051-TWP-DLP.]

4

Ms. White described the amount in controversy as follows: "Insurance stated $5,000.00 for each family member.  $35,000 for 7 living in house or 13 years w/o recompense.  $455,000. Replace hse & grg $200,000; $600,000 emotional stress & physical stress / $1,000,000.00 to raise my daughter's daughter & refurnish home / $245,000 pain & suffering for 13 years." [Filing No. 1 at 4.]

On November 5, 2019, the Court granted Ms. White's Motion for Leave to Proceed *In Forma Pauperis*, screened her Complaint, and directed service of process.  [Filing No. 4.]  After finding that it has diversity jurisdiction over this matter, the Court stated: "Ms. White alleges that American Family refused to pay her claim for storm damage in accordance with her policy and that it did so because she is an African American woman.  These allegations are sufficient to state claims for both breach of contract and breach of the duty of good faith and fair dealing." [Filing No. 4 at 3-6.]

American Family seeks dismissal of Ms. White's lawsuit, [Filing No. 11; Filing No. 14], Ms. White seeks to amend her Complaint, [Filing No. 24; Filing No. 25; Filing No. 27; Filing No. 28], and American Family requests that the Court impose sanctions on Ms. White for frivolous filings, [Filing No. 33].  The Court discusses the parties' motions below.

## II.
### MS. WHITE'S MOTIONS TO AMEND [FILING NOS. 24, 25, 27, AND 28]

Because granting any of Ms. White's Motions to Amend could result in American Family's Motion to Dismiss and Motion for Judgment on the Pleadings becoming moot, the Court considers the Motions to Amend first.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier."  Ms. White filed her Motions to Amend outside of the 21-day period referenced in Rule 15(a)(1) – American Family filed its Motion to Dismiss and Motion for Judgment on the Pleadings on January 13, 2020, and Ms. White did not file her Motions to Amend until February 27, 2020, [Filing No. 24], and March 2, 2020, [Filing No. 25; Filing No. 27; Filing No. 28].  Accordingly, Ms. White must obtain leave of Court to amend her Complaint.  Fed. R. Civ. P. 15(a)(2) ("In all other cases [where amendment is not within 21 days of a responsive pleading], a party may amend its pleading only with the opposing party's written consent or the court's leave").  "The court should freely give leave when justice so requires," *id.*, but a district court need not allow leave to amend if amendment would be futile, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

Local Rule 15-1(a)(2) provides that a motion to amend a pleading must "be accompanied by a proposed order and one signed original and one copy of the proposed amended pleading." https://www.insd.uscourts.gov/local-rules.  Ms. White has not attached a copy of her proposed Amended Complaint to any of her Motions to Amend, and her Motions to Amend could be denied on that basis alone.  However, the Court will consider the substance of Ms. White's motions.

### A. Motions to Amend Complaint to Add Wrongful Death Claim [Filing No. 24; Filing No. 28]

On February 27, 2020, Ms. White filed a "Motion to Amend Wrongful Death of My Daughter."  [Filing No. 24.]  She seeks leave to amend her Complaint to add a claim for the wrongful death of her daughter due to exposure to toxic mold which she asserts was "a direct result of moisture perpetually in the home."  [Filing No. 24 at 1.]  On March 2, 2020, Ms. White filed a second "Motion to Amend Wrongful Death of My Daughter" in which she simply states that she is "requesting to amend complaint to include the Death of My Daughter."  [Filing No. 28.]

6

In its response to Ms. White's Motions to Amend to add a wrongful death claim, American Family argues that the wrongful death claim is alleged to have arisen from the same insurance claims the parties previously litigated in the State Court Lawsuit, that a wrongful death claim would be barred by the applicable statute of limitations or statue of repose, that the proposed claim fails to state a claim upon which relief can be granted, and that amendment to add the claim would be futile.  [Filing No. 30.]

The Court finds that amending the Complaint to add a wrongful death claim would be futile.  First, the wrongful death claim stems from American Family's handling of Ms. White's claims under the Policy, which – as discussed further below in connection with American Family's Motion to Dismiss – has already been litigated.  Second, Ms. White has not set forth any allegations tying American Family's actions to her daughter's death.  She discusses the presence of mold in her home and appears to allege that exposure to mold caused her daughter's death, but does not explain American Family's involvement.  A plaintiff must give a defendant fair notice of the allegations against it, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)), and Ms. White has not done so with respect to a wrongful death claim.  Finally, a claim for wrongful death would be barred by the two-year statute of limitations set forth in Indiana Code § 34-23-1-1.

In sum, because Ms. White's proposed amendment to add a wrongful death claim would be futile, the Court **DENIES** her Motions to Amend to add a claim for the wrongful death of her daughter.  [Filing No. 24; Filing No. 28.]

**B.  Motion to Amend to Add Deprivation of Coverage Claim [Filing No. 25]**

In her "Motion to Amend Complaint Deprivation of Coverage and Keep Note to Court," Ms. White requests leave to "include Deprivation of coverage, causing criminal inaction resulting

in the exact reach and extent of damage to my family unit and our health causing injury, illnesses death and an orphan which all stemmed from the inaction of American Family Insurance Company, failing to respond to my reporting a claim, claiming others needed more help than I did and other excuses for not coming out to my property as a policyholder of theirs." [Filing No. 25 at 1.] Ms. White refers to damage from wind, hail, and a storm in July 2009 and states that the scope of the damage "went undetected because American Family refused to take my claim seriously and properly evaluate damage, and reduced the standard of my property to nil for inspection and proper protocol for inspection and commitment to secure that my home and garage were evaluated properly and fairly." [Filing No. 25 at 1.] She also requests that a Note to Court she filed the same day as her Motion to Amend "remain[ ] with file," and that she "was trying to let the court know that I am aware when I feel dizzy and a type of incoherent. The last court date, I did not feel like myself. I have been experiencing less symptoms this week. I apologize for any inconvenience to the court for the lengthy documentation of the Note to the Court." [Filing No. 25 at 1.] In her Note to Court, [Filing No. 26], Ms. White provides details regarding her health and reiterates some of her allegations against American Family. [Filing No. 26.]

In its response, American Family argues that Ms. White's proposed amendment would be futile because the claims are alleged to have arisen from the same insurance claims previously litigated in the State Court Lawsuit, the additional claims would be barred by the statute of limitations or statute of repose, and the additional claims fail to state a claim upon which relief can be granted. [Filing No. 29 at 2-5.] American Family sets forth many of the same arguments it advances in its Motion to Dismiss and Motion for Judgment on the Pleadings. [Filing No. 29 at 5-19.] In a separate filing, American Family argues that Ms. White previously filed her Note to Court, and the Court struck the Note, so filing it again is impermissible. [Filing No. 32 at 2.]

American Family requests that the Court strike the Note to Court and award American Family sanctions related to "responding to these frivolous pleadings."  [Filing No. 32 at 4.]

While "deprivation of coverage" is not a cognizable claim, the Court reads the claim that Ms. White seeks to add as one for breach of the Policy.  The allegations that she discusses in her Motion to Amend are already asserted in her Complaint, so amendment would be futile.  *Jefferson v. Myles*, 63 Fed. App'x 891, 893 (7th Cir. 2003) (denial of motion for leave to amend proper "if the proposed amendment fails to state a new claim or is merely repetitive of the original complaint").  Ms. White's allegations are part of the same theory asserted in her original Complaint – that American Family wrongfully failed to pay her claims and that the failure caused further damage to her home.   Because Ms. White's proposed "deprivation of coverage" claim is duplicative of the claims she asserts in her original Complaint, her Motion to Amend to Add Deprivation of Coverage Claim, [Filing No. 25], is **DENIED** to the extent Ms. White seeks to add that claim.  Additionally, because the Court has already stricken Ms. White's Note to Court, [Filing No. 21], and she has simply re-filed the same document, [*Compare* Filing No. 18 *with* Filing No. 26], the Court **DENIES** her Motion to Amend to the extent she asks that the Note "remain[ ] with her file" and **STRIKES** Ms. White's Note to Court filed at Filing No. 26.

### C.  Motion to Amend to Add American Family's Counsel as a Defendant [Filing No. 27]

In her final Motion to Amend, a "Motion to Amend Complaint Add Robert S. O'Dell," Ms. White seeks to add American Family's counsel, Robert O'Dell, as a Defendant.  [Filing No. 27.]  Ms. White argues that she made an appointment to speak with Mr. O'Dell, and told him her family was suffering because of the damage to her home and garage, and that her daughter was ill.  [Filing No. 27.]  Ms. White states: "I told [Mr. O'Dell] that we had nowhere else to go.  I told him everything that he would need to know to share with AmFam to expedite the coverage afforded to

us via our policy.  I received no response to my plea.  Mr. O'Dell sat on this pertinent issue.  Weeks later, I gave him my daughter's obituary."  [Filing No. 27.]

In a 19-page response to Ms. White's Motion to Amend, American Family argues that Ms. White's proposed claim stems from the claims that have already been litigated in the State Court Lawsuit, that the claim would be barred by the statute of limitations or statute of repose, and that the claim fails to state a claim upon which relief may be granted.  [Filing No. 31 at 2-3.]

The Court finds that Ms. White has not proposed a cognizable claim against Mr. O'Dell. Ms. White appears to complain that Mr. O'Dell did not pass her grievances along to his client, American Family.  But she does not allege any relationship between herself and Mr. O'Dell that would have created a duty on his part owed to Ms. White.  Ms. White does not have a cognizable claim against Mr. O'Dell due to his position as American Family's counsel, and amendment to add such a claim would be futile.  Accordingly, the Court **DENIES** Ms. White's "Motion to Amend Complaint Add Robert S. O'Dell."  [Filing No. 27.]

### III.
### AMERICAN FAMILY'S MOTION TO DISMISS [FILING NO. 11]

Having denied Ms. White's four Motions to Amend, the Court goes on to consider American Family's Motion to Dismiss.

### A.  Standard of Review

American Family seeks to dismiss Ms. White's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  "Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction."  *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Long v. Shorebank Dev. Corp.*,

182 F.3d 548, 554 (7th Cir. 1999). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

When a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of showing that personal jurisdiction over the defendant exists." *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003). When, as here, the Court "rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing…the plaintiff 'need only make a *prima facie* case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Accordingly, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338 F.3d at 783. Factual disputes, however, are resolved in the plaintiff's favor. *Id.*

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds up which is rests." *Erickson*, 551 U.S. at 93 (citation and quotation omitted). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory

allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Discussion

The Court has set forth the allegations in Ms. White's Complaint above, and must accept them as true in connection with American Family's Motion to Dismiss.

American Family sets forth three main arguments in support of its Motion to Dismiss: (1) that Ms. White's claims are barred by the doctrine of res judicata, [Filing No. 12 at 11-14]; (2) that this Court lacks jurisdiction over this matter based on the *Rooker-Feldman* doctrine, [Filing No. 12 at 14-18]; and (3) that Ms. White's Complaint fails to comply with Fed. R. Civ. P. 10(b) because it does not number each set of circumstances with a numbered paragraph, so American Family "is unable to discern if there are other facts or theories which may be independent of the claims subject to dismissal…," [Filing No. 12 at 18-19]. Because the *Rooker-Feldman* doctrine is jurisdictional in nature, and is potentially dispositive of Ms. White's claims, the Court addresses American Family's *Rooker-Feldman* argument first.

#### 1. *The* Rooker-Feldman *Doctrine*

American Family argues that Ms. White's claims are "a collateral attack against the underlying state court decisions rendered against [Ms. White]." [Filing No. 12 at 16.] It asserts that Ms. White asks to re-litigate the same insurance claims and requests that the Court "address the refusal of the state court to grant her damages." [Filing No. 12 at 16.] American Family points to the Statement of Claim attached to Ms. White's Complaint, and argues that she characterizes

her claims as follows: "(1) American Family has not been held accountable for their actions and has made a claim against her; (2) American Family wiggled out of all of its responsibility to her; and (3) American Family should not be allowed to walk away from this matter." [Filing No. 12 at 16-17.]  American Family notes that Ms. White seeks the same damages she sought in the State Court Lawsuit, and that the only difference between the State Court Lawsuit and this lawsuit is that "now she attempts to argue that the denial of her claim was because she is an African-American woman." [Filing No. 12 at 17.]  American Family argues that, because the allegation regarding her race and gender is "inextricably intertwined" with the State Court Lawsuit, application of the *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over this case.  [Filing No. 12 at 17.]

Ms. White did not respond to American Family's Motion to Dismiss.[3]

American Family reiterates its arguments in its reply brief.  [Filing No. 22 at 4.]

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be."  *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted); *see also Sanders v. Indiana Dept. of Child Servs.*, --- Fed. App'x ----, 2020 WL 1528273, at *2 (7th Cir. 2020) (under the *Rooker-Feldman* doctrine, "lower federal courts lack jurisdiction over claims seeking to upset state court judgments").  This doctrine is jurisdictional in nature, *Freedom Mortg. Corp. v. Burnham Morg., Inc.*, 569 F.3d 667, 670 (7th Cir. 2009), and a court must raise it on its own if it is not raised by the parties in order to ensure that it has jurisdiction over the matter, *Carter*

---

[3] American Family suggests that Ms. White's Note to Court may have been intended as a response to the Motion to Dismiss, but that it has been stricken by the Court.  [Filing No. 22 at 1-2.]  Even if the Court were to consider the Note to Court as a response, Ms. White does not address American Family's *Rooker-Feldman* doctrine argument – nor any of its arguments – in the Note to Court.

*v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011).   Application of the doctrine is limited to cases

"brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection

of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005);

*see also Kelley*, 548 F.3d at 603.   In short, the doctrine prevents a party from effectively trying to

appeal a state court decision to a federal district court.   *Hukic v. Aurora Loan Servs.*, 588 F.3d 420,

431 (7th Cir. 2009).   In determining whether the *Rooker-Feldman* doctrine applies, the "pivotal

inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether [she]

is, in fact presenting an independent claim." *Long*, 182 F.3d at 554 (internal quotation and citation

omitted).   Additionally, the state court judgment must be "the cause of…plaintiff[']s injury" for

the *Rooker-Feldman* doctrine to apply.   *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391

(7th Cir. 2019).

While a ruling in Ms. White's favor by this Court would contradict the grant of summary

judgment in American Family's favor in the State Court Lawsuit, that grant of summary judgment

is not the cause of Ms. White's alleged injury – American Family's denial of coverage for Ms.

White's claims is the cause.   *Cf. Stuckey v. Housing Auth. of Cook Cty.*, 795 Fed. App'x 458, 460

(7th Cir. 2020) (*Rooker-Feldman* doctrine barred claims for injury which "flow[ed] directly from

the state-court [eviction] judgment").   Because Ms. White's alleged injury existed before the

judgment in the State Court Lawsuit, the *Rooker-Feldman* doctrine does not divest this Court of

jurisdiction.   *See EOR Energy LLC v. Ill. Environ. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019)

(noting that "[i]t may be more accurate…to read [the] complaint and briefs in this court as

acquiescing in the state court's judgment…and asking simply for a new ruling on the pure issues

of law.   In that case, we do not face a *Rooker-Feldman* problem"); *Mizysak v. LVNV Funding,*

14

*LLC*, 2020 WL 956355, at *4 (E.D. Wis. 2020) (determination of whether *Rooker-Feldman* doctrine applies "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy…. For a federal claim to be barred, there must be no way for the injury complained of by [the] plaintiff to be separated from [the] state court judgment") (citation and quotation omitted).

Because Ms. White's alleged injuries stem from American Family's denial of her claims, and not from the judgment in the State Court Lawsuit, the *Rooker-Feldman* doctrine does not bar this Court from exercising jurisdiction over this case. The Court goes on to consider American Family's other arguments.

### 2. *Res Judicata and Claim Preclusion*

American Family argues that Ms. White's claims are barred by the doctrines of res judicata and claim preclusion because she litigated the same claims in the State Court Lawsuit, this action involves the same parties as in the State Court Lawsuit, and a final judgment was issued in the State Court Lawsuit. [Filing No. 12 at 11-14.] American Family asserts that Ms. White cannot bring this lawsuit, "arising from the same transaction or events underlying [her] previous suit, simply by a change of legal theory." [Filing No. 12 at 13-14 (citation and quotation omitted).]

Ms. White did not file a response.[4]

Even though the *Rooker-Feldman* doctrine does not bar Ms. White's claims here, she "is no better off." *EOR Energy LLC*, 913 F.3d at 664 (finding that although claims were not barred by *Rooker-Feldman* doctrine, they were barred by res judicata). The doctrine of res judicata, or

---

[4] Again, to the extent Ms. White's Note to Court could be considered a response to the Motion to Dismiss, she does not address American Family's res judicata or claim preclusion arguments in that filing. [*See* Filing No. 18.]

claim preclusion, prohibits the same parties from re-litigating claims already decided on the merits in a prior action. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). It "forecloses repeated suits on the same claim, even if a plaintiff advances a new legal theory or a different kind of injury." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 970 (7th Cir. 2019). Res judicata extends to those claims that could have been raised in the prior action, but were not. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). To prevail, the party asserting res judicata must establish: (1) identity of the claim; (2) identity of the parties or their privies; and (3) a final judgment on the merits. *Id.* "The fact that the suits [may] differ in some respects, including the legal theories that [plaintiff] is advancing and some of the facts she intends to use to prove her right to relief, is not enough to defeat a finding" that a subsequent suit is barred by res judicata. *Id.* The doctrine of res judicata applies with equal force when the earlier litigation took place in state court. *EOR Energy LLC*, 913 F.3d at 664 ("[L]itigants cannot simply ignore legal rulings from a competent state court and receive a do-over in federal court. The full faith and credit statute, 28 U.S.C. § 1738, dictates the opposite rule: federal courts must give the same preclusive effect to a state-court judgment that it would receive under state law").

There is no question that the State Court Lawsuit and this matter involve the same parties, and that a final judgment – which was appealed and affirmed – was entered in the State Court Lawsuit. As for identity of claims, the two sets of claims are treated as identical for purposes of res judicata if they arose out of the same transaction; that is, if they are based on the same, or nearly the same, factual allegations. *Ross ex rel. Ross*, 486 F.3d at 283 (citing *Herrmann v. Cencom Cable Assoc. Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). This determination requires a factual

inquiry, meaning that two claims based on different legal theories are still treated as one if they are based on the same factual allegations. *Herrmann*, 999 F.2d at 226.

Ms. White's claims related to American Family's handling of her insurance claims stemming from the 2006 storm have already been litigated in the State Court Lawsuit, and she is barred from re-asserting those claims here under the doctrine of res judicata.  Additionally, although Ms. White did not include a discrimination claim in the State Court Lawsuit, such a claim is barred by res judicata here because "all legal theories arising out of the same transaction or series of transactions" must be brought in one lawsuit. *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (citation and quotation omitted); *Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997) ("Two claims arising from the same set of facts are one claim for res judicata purposes, and may not be split…by making each claim the subject of a separate suit"). Because Ms. White's discrimination claim stems from American Family's handling of her claims under the Policy, she should have included that claim in the State Court Lawsuit and she cannot now assert it here based on the doctrine of res judicata.[5]

Ms. White asserts the same claims against the same party in this lawsuit as she did in the State Court Lawsuit.  To the extent she asserts additional claims, such as a claim for discrimination, those claims should have been brought in the State Court Lawsuit.  Her claims here are barred by the doctrine of res judicata and, accordingly, the Court **GRANTS** American Family's Motion to Dismiss.  [Filing No. 11.]

---

[5] In any event, Ms. White has failed to state a claim for discrimination.  She merely alleges that she is "a Black female," but does not tie that allegation to American Family's actions in any way. In short, she has not provided American Family with "'fair notice of what the…claim is and the grounds upon which it rests,'" as required by Fed. R. Civ. P. 12(b)(6).  *Erickson*, 551 U.S. at 93.

**IV.**
**AMERICAN FAMILY'S MOTION FOR JUDGMENT ON THE PLEADINGS [FILING NO. 14]**

American Family has also filed a Rule 12(c) Motion for Judgment on the Pleadings. Because the Court has granted American Family's Motion to Dismiss, the Rule 12(c) Motion for Judgment on the Pleadings, [Filing No. 14], is **DENIED AS MOOT**.

**V.**
**AMERICAN FAMILY'S MOTION FOR SANCTIONS AND FEES FOR**
**FRIVOLOUS PLEADINGS [FILING NO. 32]**

In its Motion for Sanctions, American Family reiterates its res judicata arguments and asserts that Ms. White "continues to file repetitive and frivolous motions for the same barred claims." [Filing No. 33 at 7.] It cites to an Indiana Code provision and some federal cases in arguing that the Court can sanction a litigant for filing a frivolous suit or claim, and can take into account a history of frivolous litigation. [Filing No. 33 at 9.] American Family contends that Ms. White's lawsuit "appears intended to harass the Defendant," and that her Motions to Amend are baseless as well. [Filing No. 33 at 10-13.] American Family seeks the attorneys' fees and costs it incurred in responding to Ms. White's Motions to Amend. [Filing No. 33 at 13.]

In her response, Ms. White takes issue with American Family characterizing her claims as "frivolous," and reiterates her arguments for why American Family wrongfully denied her insurance claims. [Filing No. 34 at 1-2.] Ms. White asks the Court to deny American Family's Motion for Sanctions because she "was betrayed, tricked and treated unfairly by Defendant." [Filing No. 34 at 2.] She states: "I ask the Court to rule in my favor because the policy did not declare that as an African-American policyholder your claim will be considered "'frivolous.'" And Defendant will botch up your life and your world. If so, I would have made other plans." [Filing No. 34 at 2.] Ms. White also filed an "Addendum to Responding to Defendant Responses Sanctions Fees for Frivolous Pleadings," in which she asks the Court to "override [the] lower

18

court's evaluation of this matter" and rule in her favor.  [Filing No. 35.]  She states that "[a]ll of my attempts to get this matter settled, resolved turned against me," and that "I need help from an entity that can reason with Defendant to let them know, that I'm just out to get claims paid." [Filing No. 35 at 2.]

In its reply, American Family reiterates many of its arguments, and notes that Ms. White did not address its arguments that her claims are "frivolous, groundless, unreasonable or in bad faith." [Filing No. 37 at 14.]

As discussed above, the Court has found that Ms. White's lawsuit is meritless due to the doctrine of res judicata, and that her attempts to amend her Complaint are futile.  American Family cites to Indiana state court cases, and an Indiana Code provision allowing for the award of attorneys' fees where a case is "frivolous, unreasonable, or groundless," or "litigated…in bad faith."  [Filing No. 33 at 9 (citing Ind. Code § 34-52-2-2).]  But federal law governs procedural issues in cases where a federal court sits in diversity.  See Gasperini v. Cntr. For Humanities, Inc., 518 U.S. 415, 427 (1996) ("federal courts sitting in diversity apply state substantive law and federal procedural law"); Gacek v. Am. Airlines, Inc., 614 F.3d 298, 301-02 (7th Cir. 2010).  Accordingly, the Court cannot impose sanctions in this case pursuant to Indiana Code § 34-52-2-2.

Generally, a party seeking sanctions proceeds under Federal Rule of Civil Procedure 11. Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an…unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument or extending, modifying, or reversing existing law or for establishing new law….

Rule 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service…." The safe harbor period shelters the offending party from Rule 11 sanctions if it withdraws or appropriately corrects the challenged item within twenty-one days. *See* Fed. R. Civ. P. 11 cmt. 1993 Amendments ("[A] party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position….").

The Court surmises that American Family does not base its request for attorneys' fees on Rule 11 because it did not comply with Rule 11's 21-day safe harbor requirement by giving Ms. White notice of the frivolous nature of her claims or her Motions to Amend and serving a copy of its Motion for Sanctions on Ms. White 21 days before filing the motion. American Family argues that Ms. White was on notice that her claims were barred by the doctrine of res judicata on January 13, 2020 (the day it filed its Motion to Dismiss and Motion for Judgment on the Pleadings), [Filing No. 33 at 3], but does not provide any indication that it served its Motion for Sanctions on that date. The Seventh Circuit Court of Appeals has held that the twenty-one day safe harbor "is not merely an empty formality." *Divane v. Krull Elec. Co. Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999). American Family's failure to serve Ms. White with its Motion for Sanctions 21 days before filing the motion, in order to give her an opportunity to withdraw her Motions to Amend, precludes it from seeking attorneys' fees and costs under Rule 11.

American Family alludes to the Court's inherent authority to sanction Ms. White for frivolous filings. [*See* Filing No. 33 at 9 (arguing that "[a] judge can sanction a litigant for filing

a frivolous suit or claim regardless of the motives for such filing, and in deciding whether to sanction such a litigant [she] can take into account a history of frivolous litigation").]  The Court agrees that it has the inherent authority to sanction Ms. White and, in determining whether to do so, considers whether Ms. White has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (citation and quotation omitted).  *See also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (citation and quotation omitted).  The inherent authority to sanction a party may be used "not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) (citation and quotation omitted).  "Sanctions under the Court's inherent authority can range from an admonishment, to the award of attorneys' fees, to the outright dismissal of an action." *Jaroch v. Fla. Fruit Juices, Inc.*, 2020 WL 1288933, at *8 (N.D. Ill. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).  The sanctions must be "proportionate to the gravity of the offense," *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008), and "penalize and discourage misconduct," *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers*, 501 U.S. at 46-50).

While American Family appears to request attorneys' fees only in connection with responding to Ms. White's Motions to Amend and not in connection with the entire lawsuit, [*see, e.g.*, Filing No. 33 at 13 (discussing Motions to Amend and requesting attorneys' fees and costs "in responding to these frivolous pleadings")], it also discusses the frivolous nature of Ms. White's lawsuit.  The Motions to Amend – four motions filed within a five-day timeframe – highlight Ms.

White's approach to this litigation.  Ms. White first sued American Family in federal court on July 22, 2019 in another case initiated in this district related to the 2006-2010 insurance claims.  *White v. American Family Ins. Co.*, 1:19-cv-03051-TWP-DLP.  Less than one month later, Ms. White withdrew her lawsuit, [Filing No. 6 in 1:19-cv-03051-TWP-DLP], and then filed this lawsuit on October 28, 2019.  As discussed above, this lawsuit asserts the same claims that were fully and finally adjudicated in the State Court Lawsuit – it is not even a close call.  The Court is mindful, however, of Ms. White's *pro se* status, and notes that she may be under the impression that this Court can somehow review the decision in the State Court Lawsuit.  [*See, e.g.,* Filing No. 35 (Ms. White asking the Court to "override [the] lower court's evaluation of this matter").]

Weighed against Ms. White's *pro se* status, however, is her extensive history of litigating in this district.  This litigation includes, but is not limited to, the following cases, all of which have been filed within the last year and several within just the last month:

- *White v. St. Lawrence Catholic Schools*, 1:20-cv-01129-RLY-MPB, filed on April 13, 2020 and alleging that a woman at St. Lawrence Catholic School closed a door on Ms. White's granddaughter's arm "because we are African-Americans."  [Filing No. 1 in 1:20-cv-01129-RLY-MPB.]  This case remains pending;

- *White v. Southeast Health Center, et al.*, 1:20-cv-00972-JPH-TAB, filed on March 27, 2020 and alleging a medical malpractice claim against a doctor for prescribing a medication to which Ms. White is allergic, that she is African-American, and that she "believe[s] [she] was treated this way because of that."  [Filing No. 1 in 1:20-cv-00972-JPH-TAB.]  This case remain pending;

- *White v. Tavel*, 1:20-cv-00874-JMS-TAB, filed on March 18, 2020 and alleging that Ms. White's eyes were injured when an employee at Tavel shined bright lights in her eyes without any warning and that "[t]his happened because I am African-American."  [Filing No. 1 in 1:20-cv-00874-JMS-TAB.]  In an Order screening Ms. White's Complaint pursuant to 28 U.S.C. § 1915, the Court dismissed Ms. White's claims for lack of jurisdiction, and gave her until April 13, 2020 to file an Amended Complaint.  To date, she has not done so.  [Filing No. 3 in 1:20-cv-00874-JMS-TAB];

- *White v. Wishard Hospital*, 1:20-cv-00873-JPH-MJD, filed on March 18, 2020 and alleging that Ms. White was injured while attached to a "traction machine for lumbar spine treatment at Wishard Hospital in 2009" and "was left unattended" on the machine because she is African-American.  [Filing No. 1 in 1:20-cv-00873-JPH-MJD.]  The Court ordered Ms. White to show cause why the case should not be dismissed for lack of jurisdiction, and Ms. White has not yet responded to the Order to Show Cause.  [Filing No. 4 at 1:20-cv-00873-JPH-MJD];

- *White v. Elite Beverages*, 1:20-cv-00872-JMS-MJD, filed on March 18, 2020 and alleging that Ms. White's daughter "was allowed to drink on the job, and continue to work and buy liquor while on duty," and that "[t]his happened because [her daughter] is African-American."  [Filing No. 1 in 1:20-cv-00872-JMS-MJD.]  In an Order screening Ms. White's Complaint pursuant to 28 U.S.C. § 1915, the Court dismissed Ms. White's claims for lack of jurisdiction, and gave her until April 13, 2020 to file an Amended Complaint.  To date, she has not done so.  [Filing No. 6 in 1:20-cv-00872-JMS-MJD];

- *White v. Yang Acupuncture et al.*, 1:20-cv-00813-JRS-TAB, filed on March 12, 2020 and alleging that defendant "put an acupuncture needle in my brain stem when I was face down, during the time she was to treat my lower back."  [Filing No. 1 in 1:20-cv-00813-JRS-TAB.]  In an Order screening Ms. White's Complaint pursuant to 28 U.S.C. § 1915, the Court dismissed Ms. White's claims for lack of jurisdiction, and gave her until May 4, 2020 to file an Amended Complaint.  [Filing No. 5 in 1:20-cv-00813-JRS-TAB];

- *White v. Kim*, 1:19-cv-03068-RLY-MJD, filed on July 23, 2019 and alleging that Dr. Kim prescribed Ms. White medication to which he knew she was allergic.  [Filing No. 1 in 1:19-cv-03068-RLY-MJD.]  Ms. White voluntarily dismissed her case;

- *White v. Indiana Department of Insurance*, 1:19-cv-03050-TWP-MJD, filed on July 22, 2019 and alleging that Ms. White complained to the Indiana Department of Insurance after her insurance claims were denied but that the Department "denied my complaint because the insurance company did not want to provide relief to me, because I am an African American."  [Filing No. 1 in 1:19-cv-03050-TWP-MJD.]  Ms. White voluntarily dismissed her case;

- *White v. Indianapolis Public Schools*, 1:19-cv-03046-TWP-MPB, filed on July 22, 2019 and alleging that Ms. White injured her back while "lifting and moving a box of ISTEP testing booklets."  [Filing No. 1 in 1:19-cv-03046-TWP-MPB.]  Ms. White voluntarily dismissed her case; and

- *White v. Mercer*, 1:19-cv-03045-TWP-DLP, filed on July 22, 2019 and alleging that an attorney "bullied and threatened" Ms. White during a deposition.  [Filing No. 1 in 1:19-cv-03045-TWP-DLP.]  Ms. White voluntarily dismissed her case.

Ms. White frequently turns to the courts in this district to settle any grievance that arises, seeking and obtaining *in forma pauperis* status when she files her lawsuits, which allows her to defer payment of the $350 filing fee.  But federal courts do not have jurisdiction over every grievance, and instead can only hear cases involving the violation of a federal law or a controversy between citizens of different states where the amount at issue exceeds $75,000, exclusive of interest and costs.  As shown above, many of Ms. White's lawsuits end before they begin, through the Court's screening of her Complaint and dismissal for lack of jurisdiction or other reasons.  However, others – like this case – require the defendant to expend resources to defend against Ms. White's claims.  And every one of her cases requires this Court to expend judicial resources to handle her claims.  This Court is the second busiest district in the country as measured by weighted filings per judgeship.  United States Courts, U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (September 3, 2019), https://www.uscourts.gov/sites/default /files/data_tables/fcms_na_distprofile0930.2019.pdf, and every one of Ms. White's cases takes a toll on an already overburdened Court.

Because of Ms. White's *pro se* status, the potential that she may have misunderstood this Court's role and its inability to review the decision in the State Court Lawsuit, and American Family's failure to comply with the requirements of Rule 11, the Court **DENIES** American Family's Motion for Sanctions.  The Court does, however, strongly caution Ms. White that continuing to file meritless lawsuits in this district – and, specifically, continuing to sue American Family related to the insurance claims that were the subject of the State Court Lawsuit – may result in the imposition of sanctions, including a requirement that she pay the attorneys' fees and costs of her opponents, and a restriction on her ability to file future lawsuits.  In short, Ms. White has

worn out her welcome and this Court will not hesitate to use its inherent authority to impose

sanctions should she continue to file frivolous lawsuits.

**VI.**
**CONCLUSION**

For the foregoing reasons, the Court:

- **STRIKES** Ms. White's Note to Court, [26];

- **DENIES** Ms. White's Motions to Amend, [24; 25; 27; 28];

- **GRANTS** American Family's Motion to Dismiss, [11], and **DISMISSES** Ms. White's claims **WITH PREJUDICE**;[6]

- **DENIES AS MOOT** American Family's Motion for Judgment on the Pleadings, [14]; and

- **DENIES** American Family's Motion for Sanctions and Fees for Frivolous Pleadings, [33].

Final judgment shall enter accordingly.


Date: 4/17/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Brenda White
4141 N. Ridgeview Drive
Indianapolis, IN 46226

**Distribution via ECF only to all counsel of record**

---

[6] Because Ms. White's claims are barred by the doctrine of res judicata, she cannot amend her Complaint to cure this deficiency.  Accordingly, dismissal with prejudice is appropriate. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (dismissal with prejudice is proper "if it is clear that any amendment would be futile").