UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA LYNN WHITE, )<br>)<br>*Plaintiff/Counter-Defendant*, )<br>)<br>v. )<br>)<br>AMERICAN FAMILY MUTUAL INS. CO., )<br>)<br>*Defendant/Counterclaimant*. ) | No. 1:19-cv-04370-JMS-DLP |

## **ORDER**

On April 17, 2020, the Court granted a Motion to Dismiss filed by Defendant American Family Mutual Insurance Company ("American Family"), dismissed Plaintiff Brenda White's claims in this matter with prejudice, and entered final judgment. [Filing No. 39; Filing No. 40.] After American Family filed a Motion to Enter Final Appealable Judgment, noting that it had asserted a counterclaim against Ms. White which remained unresolved, the Court re-opened the case. [Filing No. 50; Filing No. 54.] Subsequently, American Family filed a Motion to Dismiss its counterclaim against Ms. White, and the Court granted the motion and entered final judgment. [Filing No. 55; Filing No. 56; Filing No. 57.] In the meantime, Ms. White filed a Notice of Appeal related to the Court's ruling on American Family's Motion to Dismiss. [Filing No. 41.] Ms. White has now filed a "Motion Asking That My Complaint Be Heard, And, I Plead That This Matter Not Go To The Motion To Enter Final Appealable Judgment." [Filing No. 59.] The Court construes Ms. White's motion as a Motion to Reconsider, which is now ripe for the Court's decision.

# I.
## STANDARD OF REVIEW

Affording relief through granting a motion for reconsideration brought pursuant to Fed. R. Civ. P. 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2009). Rule 59 motions are for the limited purpose of "correct[ing] manifest errors of law or fact or…present[ing] newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation and quotation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedtrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

# II.
## DISCUSSION

Ms. White states only the following in her Motion to Reconsider:

> Come now I, Brenda L. White, pro se, requesting Motion Asking That My Complaint Be Heard, and, I Plead That This Matter Not go To Motion To Enter Final Appealable Judgment because I was never advised why my claim was never accepted and no one ever responded to by me. The injuries, loss, damages and death were never paid to me. This matter has never been concluded just thwarted. I ask if it is reasonable for the Defendant to advise me as to why I was unable to make a claim and get a claim number and not able to speak with the adjuster. And why no one ever came out until the contractor contacted them, and the contractor was the only one that was involved in the conversation about the damage to my property? Why hasn't Defendant shown any empathy toward my claim? Why is the court just waiting to allow time to run in this matter rather trying to resolve this matter? I have come this far because I believe that I have been unfairly insured by the Defendant. I thought that somehow I was unclear. Now, I know, without a doubt that I was clear when I filed the claim.

[Filing No. 59.]

Ms. White raises the same arguments that she made in response to American Family's Motion to Dismiss – that American Family was unresponsive when she filed her claim, and that it wrongfully failed to pay her claim. But a party seeking reconsideration cannot merely rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In short, Ms. White has not pointed to a manifest error by the Court in dismissing her lawsuit, nor has she presented newly discovered evidence. Her "Motion Asking That My Complaint Be Heard, And, I Plead That This Matter Not Go To The Motion To Enter Final Appealable Judgment" is **DENIED**.

### III.
#### CONCLUSION

For the foregoing reasons, Ms. White's "Motion Asking That My Complaint Be Heard, And, I Plead That This Matter Not Go To The Motion To Enter Final Appealable Judgment," [59], which the Court treats as a Motion to Reconsider, is **DENIED**. This case is closed, and Ms. White must raise any further issues related to her claims in this litigation with the Seventh Circuit Court of Appeals.

Date: 7/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Brenda White
4141 N. Ridgeview Drive
Indianapolis, IN 46226

**Distribution via ECF only to all counsel of record**

3